IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-202-BO

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OWEN RENARDO BOWEN, | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Suppress. (D.E. #157). The Motion is DENIED as moot.

## FACTS

The Defendant has been indicted on various drug charges. These charges arose from a search warrant executed on March 14, 2009:

On March 14, 2009, co-defendant William Howard Pierce allegedly sold crack to a confidential informant, who was acting under the direction of the Raleigh Police Department (RPD). The Police allegedly observed Pierce coming from 3201-E Calumet Drive in Raleigh, North Carolina prior to selling the crack, and then returning to 3201-E Calumet Drive immediately after the transaction.

Based upon this transaction, Detective E. J. Gibney (Det. Gibney), RPD, wrote an affidavit and applied for a search warrant for 3201-E Calumet Drive on March 14th. A North Carolina Magistrate signed the warrant the same day, determining that there was probable cause to search the location. Govt. Exh. A.

1

RPD officers searched 3201-E Calumet Drive pursuant to the warrant. Among other items, officers allegedly found cocaine, marijuana, various drug paraphernalia, and approximately $18,000 in United States currency.

Provided in the original discovery to the Defendant was an unsigned copy of the affidavit and search warrant as typed by Det. Gibney. This was not a copy of the original signed search warrant, but merely a copy printed by Det. Gibney from his computer several days after the search warrant had been signed. Defense Counsel states he responding by sending "individuals to the Office of the Clerk of Superior in Wake County to obtain copies of the search warrant, but they have been unable to locate the original search warrant." Def.'s Mot. To Suppress at 2.

After the Defendant filed the instant motion, the Government provided defense counsel with a copy of the warrant, signed on March 14, 2009, and certified as a true copy by the officer of the Clerk of Superior Court in Wake County. Govt. Exh. A.

## DISCUSSION

The Defendant Motion to Suppress is denied as moot.

The Defendant's Motion is based solely on the premise that the Government had not provided him with a true copy of the signed and dated warrant. Defendant argued that because the Government had not provided him the true copy of the warrant, such warrant must not have existed, and the search was unconstitutional.

As the Government has now provided the Defendant with the true copy of the warrant, the issue is moot.

## CONCLUSION

The Motion to Suppress is DENIED as moot. (D.E. # 157).

2
Case 5:09-cr-00202-BO   Document 172   Filed 02/11/11   Page 2 of 3

SO ORDERED, this __10__ day of February, 2011.

                                           TERRENCE W. BOYLE
                                           UNITED STATES DISTRICT JUDGE