IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-202-BO-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| OWEN RENARDO BOWEN, | ) | |
| | ) | |

This matter is before the Court on petitioner Owen Renardo Bowen's motion for reconsideration of the Court's April 28, 2015, Order reducing his sentence pursuant to 18 U.S.C. § 3582(c). [DE 362]. The government has responded and the matter is ripe for ruling. For the reasons listed below, petitioner's motion is granted.

Mr. Bowen's original pre-sentence report stated that he was subject to a mandatory minimum sentence of 120 months. [DE 207]. At sentencing, however, the Court agreed with both defense counsel and the government that the Fair Sentencing Act of 2010 applied to Mr. Bowen. This reduced his mandatory minimum sentence to 60 months, and the Court so held. [DE 289]. The Court imposed a 135-month sentence, which represented a sentence at the low end of Mr. Bowen's advisory guideline range of 135 to 168 months.

On March 10, 2015, Mr. Bowen filed a motion for sentence reduction pursuant to U.S.S.G. Amendment 782. The two-level reduction sanctioned by Amendment 782 would have resulted in a guideline range of 108 to 135 months. However, the report prepared by the United States Probation office in advance of the re-sentencing incorrectly stated that the mandatory minimum sentence applicable to Mr. Bowen was 120 months. Accordingly, his reduced sentencing range was listed 120 to 135 months. Neither party objected to the re-sentencing

report. Thus, the Court reduced Mr. Bowen's sentence to what it was led to believe was the mandatory minimum sentence of 120 months.

Because the applicable mandatory minimum sentence wat the original sentence hearing was calculated to be 60 months, the mandatory minimum sentence in any subsequent proceeding should have been 60 months. *See United States v. Ortiz-Vega*, 744 F.3d 869 (3rd Cir. 2014). Accordingly, Mr. Bowen's guideline range is calculated correctly as 108 to 135 months. The government concedes as much in its response to Mr. Bowen's motion to reconsider. As Mr. Bowen received a sentence at the low end of the guideline range at his original sentencing hearing, his reduced sentence should be at the low end of his new guideline range.

For the reasons stated above, Mr. Bowen's motion to reconsider [DE 362] is GRANTED. The Court's April 28, 2015, order [DE 357] is hereby MODIFIED to reflect that petitioner's sentence is REDUCED to 108 months. All other terms and conditions of the April 28, 2015, order remain the same.

SO ORDERED, this __18__ day of August, 2015.

                                                    _____
                                                    TERRENCE W. BOYLE
                                                    UNITED STATES DISTRICT JUDGE